## LIABILITY FOR ASSESSMENT BY A POLICY HOLDER IN A MUTUAL FIRE INSURANCE COMPANY.

[Circuit Court of Franklin County.]

CHANNING W. RICHARDS, RECEIVER, v. H. D. HALE.

Decided, January Term, 1903.

*Insurance—Assessment by Mutual Fire Insurance Company—Denial of Knowledge of Character of Policy—Presumption—Parole Evidence —Fraud or Mistake—Estoppel.*

1. Where the attitude of a defendant is such as not to deny that there was a contract entered into, but rather to maintain that the contract signed was not the true contract, he is estopped to deny its terms, unless it can be impeached for fraud or mistake, and in the absence of a plea of fraud or mistake, parole evidence which contradicts or varies the terms of the written contract is incompetent.

2. One who authorizes the making out of a policy of insurance to be delivered to a bank to hold as security for a loan to him, and the policy remains in the possession of the bank until its purpose as security has been subserved and an assessment has been made upon it, and the policy is thereafter held by the owner of the property during the remainder of its term, he is estopped to say that he did not know its contents, but supposed it was in an old line company.

3. The proper charge to a jury in such a case would be that if the defendant received and held the policy during the period it was in force by its terms, he was chargeable with knowledge of its contents and would be held by it.

4. In the absence of direct claim and proof that the defendant had not signed the constitution of the mutual company issuing the policy, as required by statute, the presumption is that he complied with this requirement; and if he had not signed, the fact that he accepted the insurance and received its benefits, would estop him from denying that he did not sign.

WILSON, J.; SULLIVAN, J., and SUMMERS, J., concur.

Heard on error.

The action in the court below was a suit brought by the receiver of the Aetna Fire Association of Cincinnati, Ohio, an insolvent mutual insurance company, to recover an assessment or assessments from the defendant, who is alleged to be a policy holder in the company, the assessments having been ordered by the Court of Common Pleas of Hamilton County, as necessary to pay debts. The petition

for that purpose is in the ordinary form. The answer denies that the defendant ever made application for or accepted any policy in the company or ever became a member thereof, and therefore denies that he is liable to such assessment. The reply is that the policy contained an express provision that he should be liable to assessment; that he accepted and held a policy in the company for the full term it was to be in force, and that therefore he is estopped to deny liability. In the progress of the trial in the court of common pleas, the plaintiff introduced a printed application in the usual form for a policy in the Aetna Fire Association of Cincinnati, Ohio, signed by the defendant with the terms of insurance written therein. The defendant admitted the signature to the application, and produced at the trial a policy in that company issued in accordance with its terms. He did not claim that the written terms in the application, as distinguished from the printed terms, were other than those agreed upon, but he claimed that as to them, he signed the application in blank. He was then permitted to testify over the objection of the plaintiff that at the time he signed the application he told the agent of the company who solicited the insurance that he did not want insurance in an assessment company, but wanted it placed in an old line company, and that the agent represented to him that he was to have insurance in the Aetna Fire Insurance Company of Hartford, which had a branch office in Cincinnati.

In the absence of a plea of fraud or mistake, the evidence was incompetent. Its effect was to contradict and vary by parol evidence the terms of a written contract. The attitude of the defendant under the admitted facts was, not that there was no contract entered into, but that the contract signed was not the true contract, and he was estopped to deny the terms of the application he signed unless it could be impeached for fraud or mistake.

It appears that the policy in question was at the direction of the defendant delivered to the cashier of the City Bank of Findlay, Ohio, who, by his authorization, paid the premium therefor out of the funds of the defendant and held the policy as collateral security to secure a loan made by the bank to the defendant. The policy stipulated by its terms at the request of the defendant that the

loss, if any, should be paid to the bank as its interest might appear. The bank held the policy until it had subserved its purpose as collateral, and until some time in April, 1895, at which time the defendant received notice of the assessments· sued upon. It was thereafter held by the defendant for the remainder of its term, which was a year from July 19, 1894, and up to the time of the trial in court below, he still held it in his possession.

Under such a state of facts, the defendant is estopped to say that he did not know its contents, and to deny, against the creditors of the company, as he would be against the bank while it held it as collateral, or against the company itself, that he entered into the contract.

It follows, therefore, that there was error in the admission of parol evidence to contradict and vary the terms of a written contract. The trial court seems to have admitted it upon the theory that the issues might be changed to conform to the facts. But they were not changed, and it would have been prejudicial error to ·so change them without notice in time for the plaintiff to prepare to meet such an issue.

There was error in the charge of the court, as touching the liability of the defendant upon a finding that he had received and held the policy. The charge of the court was:

"If you find that defendant in this case became a member of this association by taking out a policy and· holding it, *knowing that it was a policy in a mutual association of this kind,* then your verdict will be for the amount claimed in the petition against the defendant."

The jury should have been instructed that if he did receive and hold the policy during the time it was in force by its terms, he was charged with knowledge of its contents,. and would be bound by it. The verdict and judgment are against the weight of evidence. Upon the evidence in the record they should have been for the plaintiff.

The judgment is reversed and the cause remanded for new trial.

### DECISION ON MOTION FOR REHEARING.

The claim is now made for the first time in this court that the petition does not state a cause of action, for that it fails to aver

the defendant signed the constitution of the association; also that the evidence does not prove the signing, and that, therefore, the judgment should be affirmed.

We are of the opinion there is no such defect in the petition as can be complained of, after issue joined, trial had, and judgment rendered. It is true the averment in the petition that the defendant was a member of said association, appears to be predicated upon the fact that he applied for and accepted insurance therein; and that it is not averred, in terms, he had signed the constitution, as the statute seems to require. Section 3690, Rev. Stat. But it is also true that the denial of membership in the answer is predicated upon the denial that he applied for or accepted insurance. The one is no broader than the other.

The plaintiff proved, and the defendant admitted, that the defendant had received, returned and had cancelled, a policy prior to the one sued upon, for which he paid a short rate premium. Both parties admit the validity of this returned policy, whatever may have been the reason for its return; the one claiming it was to redistribute the insurance, and the other that he wanted to change the character of the insurance. But the necessary inference from the transaction is that the defendant was a member of the association, because, under the statute, none but members can be insured. Section 3689, Rev. Stat. In the absence of a direct claim and proof that he had not signed the constitution the presumption is that the defendant had conformed to the requirements of the statute; and if he had not, the fact that he accepted insurance and received the benefits, would estop him from denying that he had.

The policies sued upon were not void.

In an action by the receiver, to recover assessments to pay liabilities incurred during the time the policies were in force, mere irregularities in the procedings to assess will not avail as a defense.

The motion for rehearing is overruled.

*Arnold, Morton & Irvine* and *Patterson A. Reece,* for plaintiff in error.

*Charles C. Pavey* and *J. B. Kahle,* for defendant in error. .